Order, Supreme Court, Bronx County (Mary Ann BriganttiHughes, J.), entered November 17, 2008, which, to the extent appealed from, granted defendant 100 Caryl Avenue Realty’s (Caryl) motion for partial summary judgment dismissing plaintiffs’ claim for conscious pain and suffering, unanimously reversed, on the law, without costs, the motion denied and the claim reinstated.
Decedent perished in a five-alarm fire in her building in Yonkers, New York. When this action ensued, the superintendent of the building, decedent’s friend, testified at a deposition that at approximately 5:30 to 5:45 p.m., an hour before the fire broke out, he spoke to her on the telephone and told her to begin to prepare dinner. Caryl, the owner of most of the units in *525 the building, subsequently moved, inter alia, for summary judgment dismissing plaintiffs’ claim for conscious pain and suffering, arguing that there was no evidence concerning whether or not decedent was awake during the blaze. In response, plaintiffs submitted the affirmation of a pathologist and former medical examiner who opined within a reasonable degree of medical certainty that decedent would have been aware of the fire and it was within a reasonable degree of medical probability that she lived for at least 10 minutes and experienced conscious pain and suffering.
To obtain summary judgment, it was incumbent on Caryl to rule out the possibility that decedent was conscious during the fire for some period of time before her demise. The evidence presented in support of the motion was silent on this issue. Caryl merely pointed to gaps in plaintiffs’ proof, which is insufficient in the context of summary judgment (see DeMilia v DeMico Bros., 294 AD2d 264 [2002]). Accordingly, the burden never shifted to plaintiffs to raise a triable issue of fact, although their submission was sufficient to do so. Concur— Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.